**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION - CINCINNATI**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:04-cr-19 |
| Plaintiff, | : | Judge Matthew W. McFarland |
| v. | : | |
| DAVID W. BRANKLE, | : | |
| Defendant. | : | |

---

**ORDER AND OPINION**

---

This matter is before the Court on Defendant's Motion for Modification of Restitution Pursuant to 18 U.S.C. 3664(k) (Doc. 73). The Government filed a Response in Opposition (Doc. 75) to Defendant's Motion, to which Defendant filed a Reply in Support (Doc. 77). Defendant also filed a Motion to Obtain Electronic Filing Rights (Doc. 72). These matters are ripe for the Court's review. For the following reasons, Defendant's Motion for Modification of Restitution (Doc. 73) is **DENIED** and Defendant's Motion to Obtain Electronic Filing Rights (Doc. 72) is **DENIED AS MOOT**.

**BACKGROUND**

In 2004, after a string of bank robberies, Defendant pleaded guilty to numerous offenses, including several counts of unarmed bank robbery, one count of taking a motor vehicle by intimidation, and one count of possession of a firearm in furtherance of a crime prosecutable in federal court. (Judgment, Doc. 22, Pg. ID 121–23.) The Court sentenced Defendant to 252 months imprisonment, consistent with the plea agreement reached

between the parties. (*Id.* at Pg. ID 121–25; Plea Agreement, Doc. 10, Pg. ID 25–26.) The Court also ordered Defendant to pay restitution in the amount of $175,141. (Judgment, Doc. 22, Pg. ID 127.) Defendant served his term of imprisonment and is currently under the supervision of the probation office in the United States District Court for the Southern District of Indiana. (Transfer of Jurisdiction, Doc. 70.)

On August 12, 2021, before Defendant's release from prison, the Government sent Defendant a Notice of Intent to Offset (Doc. 75-1). The Notice informed Defendant that he still owed $155,925.77 in restitution, and that the Department of Justice would refer his debt to the Treasury Offset Program ("TOP") in 60 days unless other arrangements were made. (*Id.*) Under the TOP, all funds payable by the federal government to an individual who owes certain federal debts, including Social Security benefits, are subject to offset unless exempted by statute. *See* 31 U.S.C. § 3716(c)(3)(A). The Social Security Administration ("SSA") added Defendant's debt to the TOP, which currently offsets 15% of his monthly Social Security benefit. (Motion for Modification, Doc. 73, Pg. ID 453; Response, Doc. 75, Pg. ID 468.)

Defendant claims that he "is now of advanced age and no longer employable in any meaningful capacity," and "[h]is sole source of subsistence is his monthly Social Security benefit." (Motion for Modification, Doc. 73, Pg. ID 453; *see also* Affidavit, Doc. 73, Pg. ID 457–59.) Defendant thus notes that "[a]fter the [G]overnment deducts approximately fifteen percent (15%) of his Social Security benefit prior to disbursement, the remaining amount is barely sufficient to meet rent, utilities, food, and essential

medical expenses." (Motion for Modification, Doc. 73, Pg. ID 453.) Defendant moves the Court to modify his restitution payment schedule and "set the required monthly payment at a nominal amount not to exceed a figure consistent with basic subsistence on Social Security alone, unless and until Defendant's financial circumstances materially improve." (*Id.* at Pg. ID 456.)

**LAW & ANALYSIS**

Under 18 U.S.C. § 3664(k), upon receipt of notification that a defendant's economic circumstances might affect the defendant's ability to pay restitution, a court may adjust the payment schedule "as the interests of justice require." "A defendant seeking a reduction in payments bears the burden of demonstrating a material change" in his "economic circumstances that might affect [his] ability to pay restitution." *United States v. Taylor*, No. 18-5561, 2019 U.S. App. LEXIS 3274, at *3 (6th Cir. Jan. 31, 2019) (citing *United States v. Caudle*, 710 F. App'x 124, 125 (4th Cir. 2018)). A material change "is identified by an objective comparison of a defendant's financial condition before and after a sentence is imposed." *Id.* at *4 (quoting *United States v. Grant*, 235 F.3d 95, 100 (2d Cir. 2000)).

The Court concludes that modification of the payment schedule is not warranted at this time. Defendant provides no evidence regarding his financial condition at the time of sentencing, and he offers little detail with respect to his current economic situation. *See Taylor*, 2019 U.S. App. LEXIS 3274, at *4. Defendant states that he is 69 years old and can no longer work. (Affidavit, Doc. 73, Pg. ID 457.) But, Defendant offers no evidence—such

as a specific physical or mental disability—demonstrating why he is unable to obtain employment in some capacity. And, he supplies minimal details regarding his living situation, monthly expenses, and underlying financial hardship. Defendant's "mere assertions" are insufficient to meet his burden of demonstrating a material change in his financial condition. *United States v. Taniguchi*, No. 2:00-CR-50, 2008 U.S. Dist. LEXIS 8459, at *4 (S.D. Ohio Jan. 25, 2008).

To the extent Defendant argues that the Judgment requires him to pay only $10 a month, the Court notes that the Judgment establishes a minimum payment of $10 per month and does not foreclose the Government from collecting more from Defendant on a monthly basis. (*See* Judgment, Doc. 22, Pg. ID 127 (noting that "Defendant shall pay restitution at a rate of at least $10 per month").)

In any event, the Court lacks the requisite jurisdiction to make any modification to the TOP deductions from Defendant's monthly Social Security Benefit. The Court did not order his payment schedule for restitution, so the Court cannot amend it. *See United States v. Howard*, No. 16-MC-51863, 2018 U.S. Dist. LEXIS 41428, at *4 (E.D. Mich. Mar. 14, 2018). Instead, the SSA offset Defendant's benefits through the TOP following administrative action initiated by the Government. (Motion for Modification, Doc. 73, Pg. ID 453; Response, Doc. 75, Pg. ID 468.) Thus, Defendant must exhaust his administrative remedies with the SSA before turning to the Court for relief. *See United States v. Nelson*, No. 03-80712, 2013 U.S. Dist. LEXIS 94515, at *7 (E.D. Mich. July 8, 2013); *United States v.*

*Stewart*, No. 3:99-CR-79, 2014 U.S. Dist. LEXIS 119361, at *4 (S.D. Ohio Aug. 26, 2014). Defendant's Motion for Modification of Restitution (Doc. 73) is therefore denied.

**CONCLUSION**

For the foregoing reasons, Defendant's Motion for Modification of Restitution (Doc. 73) is **DENIED**. Defendant's Motion to Obtain Electronic Filing Rights (Doc. 72) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: Matthew W. McFarland

JUDGE MATTHEW W. McFARLAND